PER CURIAM:
Claimant brought this action for damage done to his 1987 GMC Sierra 1500 pickup truck, which occurred while his son was driving the vehicle and it struck a portion of guardrail head-on at the intersection of Willow Road and Route 214, also referred to as Childress Road. Respondent maintains this portion of road in Kanawha County. The Court is of the opinion to deny the claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on December 4, 1999, at approximately 11:50 p.m. The claimant’s son, Anthony J. Dillard, was driving the vehicle at the time of this incident. Anthony Dillard’s girlfriend Hope McCormick was *6 a front seat passenger. They were returning from Wal-Mart and decided to take a drive. Anthony Dillard testified that it was a dry and clear night. This was the first time he had traveled Willow road. He testified that he was traveling at approximately 35 to 40 miles per hour at the time of the incident. He was traveling up towards the crest of a hill on Willow Road. Upon reaching the crest of the hill, Anthony DiEard glanced at his speedometer and his girlfriend. Unbeknownst to him at this time, he was driving across the intersection of Childress Road whereupon he drove into the guardrail on the far side of Childress Road. Although he was not injured, Miss McCormick’s head struck the windshield. Both occupants were taken by ambulance to the hospital. Claimant’s vehicle was damaged. He submitted two separate estimates, both of which estimated the damage to the vehicle to be more than it was worth. Claimant testified that he had bought the vehicle six months earlier for $2,500.00. It had 92,000 miles on it. Claimant is seeking an award for the purchase price of $2,500.00.
Claimant asserts that there should have been a stop sign at the intersection of Willow Road and Childress Road. He introduced evidence at the hearing in the form of photographs and a video, which showed that there may have been a stop sign at the intersection. This evidence revealed a broken sign post on the right side of the intersection of Willow and Childress Roads. Claimant asserts that this had been a stop sign at one time and without a stop sign at the crest of this hill, a driver could not see that he was approaching an intersection. Claimant testified that the portion of guardrail his son struck was new and that the signs behind this portion of guardrail were bent over and twisted. Therefore, he was of the opinion that this was demonstrative that other vehicles had crashed into this guardrail on prior occasions and that respondent knew or should have known that a stop sign or some sort of warning sign was needed at this location to prevent an incident the same or similar to that which claimant’s son suffered.
It is respondent’s position that it did not have notice of a missing or downed stop sign at the location at issue and that there may never have been a stop sign there. Respondent also argues that the driver of the vehicle was negligent and that such negligence was equal to or greater than that of its own. James E. Russell testified that he has been a supervisor for the respondent’s sign shop in Nitro for approximately fifteen years. He testified that he is responsible for five counties including Kanawha which includes the location of the incident at issue. One of his responsibilities is to supervise the installation of stop signs which includes the replacement of stop signs should they be removed or destroyed. He testified that all reports of missing signs are recorded and that stop signs are the number one priority. He stated that if his office is notified of a stop sign being down, it is replaced on the day of the report or the next morning. He testified that no notice was given to his office that any sign was down at the intersection of Willow Drive and Childress Road on or before December 4, 1999.
West Virginia State Trooper Todd J. Perry, the investigating officer at the scene, testified for the respondent. He stated that in his investigation he determined that a contributing cause to the accident was the driver’s failure to maintain control of his vehicle. He.testified that a driver who is approaching any intersection or the crest of a hill should slow down before reaching it. It was his opinion that since there were no skid marks at the scene, the driver did not apply his brakes or slow down before striking the guardrail. He also stated that it was his opinion that Anthony Dillard had bent the signs behind the guardrail over when he struck it with the claimant’s vehicle. Trooper Perry testified that the reflectors on these signs should have been visible to Anthony Dillard as he crested the hill, thus warning him of the danger ahead.
It is a well established principle that the State is neither an insurer nor a *7 guarantor of the safety of motorists on its roads or highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). The claimant failed to produce sufficient evidence at the hearing to establish that respondent had prior notice of a missing stop sign at the intersection of Willow Drive and Childress Road on or before this incident. It is unclear whether or not there was ever a stop sign at this location. Furthermore, the Court is of the opinion that driver Anthony Dillard’s negligence was the proximate cause of this incident. His testimony and that of Trooper Perry establish that he failed to maintain control of the vehicle. Therefore, the Court finds that the proximate cause of this incident was Anthony Dillard’s failure to exercise due care and control of his vehicle.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.